### LEWLESS *v.* DETROIT UNITED RAILWAY.

DAMAGES — DIMINISHED EARNING CAPACITY — EVIDENCE — SUFFICIENCY.

 Two physicians examined the plaintiff in a personal injury case and detailed his condition, and plaintiff and his wife testified to his diminished capacity for doing his ordinary work. Plaintiff testified as to the amount of his annual earnings in his regular occupation, handling horses, and as to his inability to longer do such work. *Held,* sufficient evidence of what his diminished earning capacity was to justify an instruction authorizing damages therefor.

Error to Oakland; Smith, J. Submitted October 18, 1906. (Docket No. 20.) Decided December 3, 1906.

Case by Alexander Lewless against the Detroit United Railway for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Brennan, Donnelly & Van De Mark* and *James H. Lynch,* for appellant.

*A. L. Moore,* for appellee.

GRANT, J. Plaintiff, while a passenger in one of the defendant's cars, was injured in a collision. The injury, according to the testimony of himself, his physicians, and others, was quite serious. He recovered a verdict and judgment for $900. It is conceded that the judge correctly instructed the jury that the defendant was liable, and there is no claim of contributory negligence.

The record contains three assignments of error. The first is waived; the second is that the court erred in giving plaintiff's sixth request; and the third, that the court erred in refusing to grant a motion for a new trial. The request complained of instructed the jury that the plaintiff was entitled to recover, in addition to damages for "his injuries, pain, and suffering," damages for lost time and impairment of his earning capacity. The two objections made to this request are (*a*) that the proofs do not show that plaintiff's physical condition during the winter following the accident was caused by the injury received in the accident, and (*b*) that there was no evidence what his "diminished earning capacity was."

Without reciting it, there was ample evidence to justify the conclusion that his enfeebled physical condition was due to injuries received in the accident. There was also evidence of his diminished earning capacity. Two physicians examined him, and detailed his condition. Plaintiff and his wife testified to his diminished capacity for doing his ordinary work, viz., handling horses. He had been engaged in that business for some years, gave the amount of his annual earnings as near as he could state them, and

testified to his inability to handle horses after the accident.

A new trial was asked on the ground of an excessive verdict. If the jury believed the evidence on the part of the plaintiff, the verdict is not excessive.

Judgment affirmed.

CARPENTER, C. J., and McALVAY, BLAIR, and MOORE, JJ., concurred.